## John M. Hart v. Township of Port Huron.

*Justices' courts—Suit by municipality—Certiorari—Official title.*

A justice of the peace can hear a suit brought by a municipal corporation.

The objection that the evidence introduced in support of a claim is not the best evidence cannot be raised for the first time in the Supreme Court.

On *certiorari* all objections that are not to the merits must be disregarded. Comp. L. § 5477.

Omission to sue a municipal officer by his official title is not a substantial objection if his liability is shown.

Error to St. Clair. Submitted June 22. Decided June 29.

Assumpsit. Defendant brings error. Affirmed.

*Phillips & Vance* for plaintiff in error.

*Charles K. Dodge* for defendant in error. Corporations can sue in all courts: Const. art. xv. § 11; Potter's Law of Corporations, §§ 83-4; and this includes municipal corporations: Comp. L. § 5296; townships are municipal corporations: Const. art. xi. § 2; and may sue in justice's court: *Gurney v. Mayor of St. Clair* 11 Mich. 203; where the return to a writ of *certiorari* raises no law questions the higher court has no right to review the proceedings on the weight of testimony: *McGraw v. Schwab* 23 Mich. 13; *Overpack v. Ruggles* 27 Mich. 67; *Jackson v. People* 9 Mich. 112.

Campbell, J. Hart was sued before a justice of the peace of St. Clair county for the amount of a small judgment collected by his deputy (he being sheriff) and not paid over. Having moved to quash for want of jurisdiction of the justice to entertain a suit by a municipal corporation, the motion was denied. He then pleaded, but subsequently got leave to withdraw his plea, and the case was tried, and

judgment rendered for the township.    Hart made no objection to testimony and allowed the case to go to judgment, and then sued out a *certiorari* to the circuit court, where the judgment was affirmed.    He now brings error.

The objection to jurisdiction is not urged, and is not maintainable.    Upon all the points in issue there appears to have been evidence, and the objection that it was not the best evidence can hardly be raised now, when the defendant deliberately abstained from objecting.    Some technical points which do not relate to the merits we need not notice, as on such writs the statute requires all objections not going to the merits to be disregarded.    The principal one of these seems to have been that the defendant was not sued by his name of office.    But his liability being shown this was not a substantial objection.

The judgment must be affirmed with costs.

The other Justices concurred.